1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MONROE JONES,                          No. C-12-3062 TEH (PR)

12              Plaintiff,                 ORDER TO SHOW CAUSE

13          v.

14  DOCTOR VIVAS and SAN FRANCISCO
    COUNTY JAIL MEDICAL DEPARTMENT,
15
                Defendants.
16  _____/

17

18          Plaintiff, a state prisoner and frequent litigant in this

19  Court, has filed a pro se civil rights complaint pursuant to 42

20  U.S.C. § 1983 alleging that Defendants were deliberately indifferent

21  to his serious medical needs because they refused to provide him

22  with pain medication for his chronic back and neck pain.  He also

23  seeks to proceed in forma pauperis (IFP) pursuant to 28 U.S.C.

24  § 1915.

25          The Prison Litigation Reform Act of 1995 (PLRA) was

26  enacted, and became effective, on April 26, 1996.  It provides that

27  a prisoner may not bring an IFP civil action under 28 U.S.C. § 1915

28  "if the prisoner has, on 3 or more prior occasions, while

United States District Court
For the Northern District of California

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes.  Id.  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify

the prisoner of the earlier dismissals it considers to support a

§ 1915(g) dismissal and allow the prisoner an opportunity to be

heard on the matter before dismissing the action.  <u>Id.</u> at 1120.  A

dismissal under § 1915(g) means that a prisoner cannot proceed with

his action as a pauper under § 1915(g), but he still may pursue his

claims if he pays the full filing fee at the outset of the action.

A review of dismissal orders in Plaintiff's prior prisoner

actions reveals that Plaintiff has had at least three cases

dismissed on the ground that they were frivolous, malicious, or

failed to state a claim upon which relief may be granted.  In ruling

on the defendants' motion to dismiss in <u>Jones v. Spaeth</u>, C 07-0677

BLW (E.D. Cal. March 31, 2010), the court addressed the same claim

Plaintiff asserts here, that medical staff refused to provide him

with prescribed pain medication.  The <u>Spaeth</u> court held that the

defendants had met their burden of producing documentary evidence

that allowed the district court to conclude that the plaintiff has

filed at least three prior actions that were dismissed because they

were "frivolous, malicious or fail[ed] to state a claim."  <u>Spaeth</u>,

C 07-0677 BLW at 4.  The <u>Spaeth</u> court based its opinion, in part,

upon <u>Jones v. Wood</u>, C 99-2277 BTM (LSP) (S.D. Cal. December 14,

1999), where the Honorable Barry Moskowitz had determined that

Plaintiff Monroe Jones could not proceed IFP because he had

previously accumulated eleven dismissals that counted as strikes

under 28 U.S.C. § 1915(g).  <u>Spaeth</u> at 4.  The <u>Spaeth</u> court also

counted as a strike <u>Jones v. Law Librarian Folsom State Prison</u>, 999

F.2d 543 (9th Cir. 1993) (unpublished decision) where the Ninth

3

1   Circuit affirmed the district court's dismissal with prejudice for

2   failure to state a claim Plaintiff's complaint alleging he had a

3   right to a pen under case law governing access to the courts.

4   Spaeth, C 07-0677 BLW at 5.

5       Plaintiff is now given notice that the Court believes the

6   following dismissals may be counted as dismissals for purposes of

7   § 1915(g): Spaeth, No. C 12-0677 BLW; (dismissing deliberate

8   indifference complaint under 28 U.S.C. § 1915(g)); Law Librarian

9   Folsom State Prison, 999 F.2d 543 (affirming district court's

10  dismissal for failure to state a claim upon which relief could be

11  granted); Jones v. Chief Deputy Pat Cassidy, et al., C 09-2625 RMW

12  (N.D. Cal. July 14, 2009)(dismissing parole revocation complaint for

13  failure to state a claim upon which relief could be granted); and

14  Jones v. Briggs, C 05-1277 LJO (E.D. Cal. Nov. 12, 2008) (listing

15  eight cases filed by Plaintiff that had been dismissed on grounds

16  that counted as strikes under § 1915(g) and dismissing complaint

17  under § 1915(g)).

18      Therefore, Plaintiff may proceed IFP only if he is seeking

19  relief from a danger of serious physical injury which is "imminent"

20  at the time of filing.  Andrews v. Cervantes, 493 F.3d 1047, 1053

21  (9th Cir. 2007).  See also Abdul-Akbar v. McKelvie, 239 F.3d 307,

22  312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189,

23  1192-93 (11th Cir. 1999).  He does not appear to be in such danger.

24      In light of these dismissals, and because Plaintiff does

25  not appear to be under imminent danger of serious physical injury,

26  he is ORDERED TO SHOW CAUSE in writing no later than thirty (30)

27

28                                  4

days from the date of this Order why IFP status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice to Plaintiff.


IT IS SO ORDERED.



DATED    _08/08/2012_    _____

                        **THELTON E. HENDERSON**
                        **United States District Judge**



G:\PRO-SE\TEH\CR.12\Jones v Vivas 12-3062-1915g osc.wpd

5