IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONROE JONES,                              No. C-12-3062 TEH (PR)

        Plaintiff,                        ORDER TO SHOW CAUSE

      v.

DOCTOR VIVAS and SAN FRANCISCO
COUNTY JAIL MEDICAL DEPARTMENT,

        Defendants.
_____/

        Plaintiff, a state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs because they refused to provide him with pain medication for his chronic back and neck pain.  He also seeks to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915.

        The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring an IFP civil action under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. Id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify

2

1  the prisoner of the earlier dismissals it considers to support a
2  § 1915(g) dismissal and allow the prisoner an opportunity to be
3  heard on the matter before dismissing the action.  <u>Id.</u> at 1120.  A
4  dismissal under § 1915(g) means that a prisoner cannot proceed with
5  his action as a pauper under § 1915(g), but he still may pursue his
6  claims if he pays the full filing fee at the outset of the action.
7         A review of dismissal orders in Plaintiff's prior prisoner
8  actions reveals that Plaintiff has had at least three cases
9  dismissed on the ground that they were frivolous, malicious, or
10 failed to state a claim upon which relief may be granted.  In ruling
11 on the defendants' motion to dismiss in <u>Jones v. Spaeth</u>, C 07-0677
12 BLW (E.D. Cal. March 31, 2010), the court addressed the same claim
13 Plaintiff asserts here, that medical staff refused to provide him
14 with prescribed pain medication.  The <u>Spaeth</u> court held that the
15 defendants had met their burden of producing documentary evidence
16 that allowed the district court to conclude that the plaintiff has
17 filed at least three prior actions that were dismissed because they
18 were "frivolous, malicious or fail[ed] to state a claim."  <u>Spaeth</u>,
19 C 07-0677 BLW at 4.  The <u>Spaeth</u> court based its opinion, in part,
20 upon <u>Jones v. Wood</u>, C 99-2277 BTM (LSP) (S.D. Cal. December 14,
21 1999), where the Honorable Barry Moskowitz had determined that
22 Plaintiff Monroe Jones could not proceed IFP because he had
23 previously accumulated eleven dismissals that counted as strikes
24 under 28 U.S.C. § 1915(g).  <u>Spaeth</u> at 4.  The <u>Spaeth</u> court also
25 counted as a strike <u>Jones v. Law Librarian Folsom State Prison</u>, 999
26 F.2d 543 (9th Cir. 1993) (unpublished decision) where the Ninth

3

Circuit affirmed the district court's dismissal with prejudice for failure to state a claim Plaintiff's complaint alleging he had a right to a pen under case law governing access to the courts. Spaeth, C 07-0677 BLW at 5.

Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): Spaeth, No. C 12-0677 BLW; (dismissing deliberate indifference complaint under 28 U.S.C. § 1915(g)); Law Librarian Folsom State Prison, 999 F.2d 543 (affirming district court's dismissal for failure to state a claim upon which relief could be granted); Jones v. Chief Deputy Pat Cassidy, et al., C 09-2625 RMW (N.D. Cal. July 14, 2009)(dismissing parole revocation complaint for failure to state a claim upon which relief could be granted); and Jones v. Briggs, C 05-1277 LJO (E.D. Cal. Nov. 12, 2008) (listing eight cases filed by Plaintiff that had been dismissed on grounds that counted as strikes under § 1915(g) and dismissing complaint under § 1915(g)).

Therefore, Plaintiff may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). See also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999). He does not appear to be in such danger.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than thirty (30)

4

days from the date of this Order why IFP status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice to Plaintiff.

IT IS SO ORDERED.

DATED     *08/08/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Jones v Vivas 12-3062-1915g osc.wpd

5